IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT KATULA,** | : | |
| | : | Case No.: 2:23-cv-02199 |
| Plaintiff, | : | |
| | : | Judge Edmund A. Sargus |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| **DELAWARE COUNTY BOARD OF ELECTIONS, et al.,** | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants Delaware County Board of Elections ("the Board") and Peg Watkins, Member of the Delaware County Board of Elections, in her individual and official capacities ("Watkins," and collectively "Defendants"), in response to Plaintiff's Complaint, hereby answer and state as follows:

1. Paragraph 1 is admitted.

2. In response to paragraphs 2 and 3, to the extent they contain legal conclusions, no response is required. Defendants admit the Board is a public body/board of Delaware County, which is a political subdivision of the state of Ohio. It is further admitted that Watkins is a Member of the Board. To the extent additional facts are alleged, they are denied.

3. To the extent Paragraphs 4, 5, and 6 contain legal conclusions, no response is required. Defendants admit that the Members of the Board are appointed according to their political party and as set forth in R.C. 3501.06-.07. To the extent that additional facts are alleged, they are denied.

4. Paragraph 7 is admitted.

1

5. Paragraph 8 is admitted.

6. Paragraph 9 states a legal conclusion to which no response is required. To the extent facts are alleged therein, they are denied. Defendants further state that Plaintiff's position was part of a group of positions filled by balancing out political party representation. Defendants further state that the Board's Election Support Specialists are hired based on partisan affiliation to efficiently comply with Ohio law regarding responsibilities of election officials which must require employees of opposite political parties to perform the same function at the same time. Plaintiff was hired as a Democratic worker. Defendants state that, before they hired Plaintiff, they checked his voter registration to ensure that he was a Democrat. The meeting minutes in which Plaintiff was hired, attached as Exhibit A, state that he was hired as a "Democratic worker." The meeting minutes in which one of Plaintiff's Republican counterparts was hired, attached as exhibit B, refer to the role of "Republican Election Support Specialist." Plaintiff was not in attendance at either meeting.

7. To the extent Paragraphs 10 and 11 state legal conclusions, no response is required. Defendants admit that Katula's responsibilities included hiring and assigning Democratic poll workers, and to complete other tasks assigned to him. A Republican Election Specialist was also appointed by the Board, whose responsibilities included hiring and assigning Republican poll workers, and to complete other tasks assigned to them. All remaining factual allegations are denied.

8. In response to Paragraph 12, Defendants admit that Katula's evaluation on February 28, 2023, attached as exhibit C, stated that he "[d]id everything assigned really well. Poll workers filled, assigned to their locations properly." Defendants further state that his evaluation noted he "does not follow ethical instructions."

9. In response to Paragraph 13, Defendants deny that his position was "apolitical in nature," as it was instead a purely partisan position. Defendants admit that Katula was a member of the Delaware County Democratic Party and that he has previously made at least one donation of $25 to the Party. The remaining allegations are denied for want of knowledge.

10. Paragraphs 14 and 15 are admitted.

11. In response to Paragraphs 16 and 17, Defendants admit that Watkins is a Democrat. The remaining allegations are denied for want of knowledge.

12. In response to Paragraph 18, Defendants admit that Katula has made public statements and engaged in other activities which suggest that he does not fully support the Democratic Party while Watkins has proudly held herself out as a full supporter of the Democratic Party.

13. Paragraph 19 is denied.

14. In response to Paragraph 20, Defendants deny that Watkins has an "extreme approach." Defendants admit that Plaintiff has held himself out as being in a relationship with a Republican named Janine Baker.

15. In response to Paragraph 21, Defendants deny that Watkins called Katula outside of working hours to discuss his relationship with Ms. Baker. Defendants admit that Katula was open and volunteered information about his relationship with Ms. Baker, who was well known to have held official positions with local groups affiliated with the Republican Party, and that Katula was equally open and volunteering about information regarding the alleged end of that relationship. When Katula subsequently submitted a Facebook post to which Ms. Baker replied something to the effect of "nice way to talk to your girlfriend," which prompted Watkins, during working hours and at the Board office, to remark to Katula something to the effective of "I thought you two broke

up?" Katula replied something to the effect of "we did, she's crazy." To the extent that additional facts are alleged in Paragraph 21, they are denied.

16. In response to Paragraph 22, Defendants admit that Watkins continued to serve as the chair of the Delaware County Democratic Party and deny for want of knowledge the allegation that Plaintiff "continued to be active" in the Democratic Party.

17. Paragraph 23 is admitted.

18. Paragraph 24 is denied for want of knowledge.

19. Paragraph 25 is denied for want of knowledge.

20. Paragraph 26 is denied for want of knowledge.

21. Paragraphs 27 and 28 are admitted.

22. In response to Paragraph 29, Defendants state that Katula's April 6th post, combined with his prior statements and actions for which he had been counseled, called into question whether he would continue to perform his official responsibilities of working to insure the fair and bi-partisan administration of elections. As Katula had repeatedly been counseled about being supportive of the Democratic Party, and in fact had repeatedly responded that he understood and promised to hold himself out as a loyal Democrat, Katula's April 6th post caused the Democratic member of the BOE to conclude that Katula's employment should be considered for termination. Accordingly, Mr. Katula was placed on administrative leave by a Democrat employee of the BOE on April 10. At that time, Watkins indicated to Katula that she might be seeking the Board's consideration of his removal, to which Katula responded something to the effect of that she "did not have the votes." Upon information and belief, which includes the fact that Ms. Baker subsequently calling one of the Republican members of the Board, Katula believed that his relationship with Ms. Baker would

4

cause the Republican members of the Board to support his continued employment. To the extent that additional allegations are contained in paragraph 29, they are denied.

23. To the extent Paragraph 30 states legal conclusions or a hypothetical, no response is required. Being a Democrat was in fact an essential requirement of Katula's position as an Elections Specialist, just as being a Republican was an essential requirement of the individuals who have held the Republican Elections Specialist position(s). The Defendants are unaware of any other employees of the Board who were appointed to balance party representation who have ever given any indication that they do not fully support the party for which they were appointed to balance and represent. To the extent that additional allegations are contained within paragraph 23, they are denied.

24. Paragraphs 31, 32, and 33 are denied.

## COUNT I – FIRST AMENDMENT RETALIATION

25. Defendants reincorporate their responses to the preceding paragraphs.

26. To the extent Paragraphs 34 through 40 contain legal conclusions, no response is required. Factual allegations therein are denied.

27. Defendants deny each and every allegation in the Complaint not expressly admitted to herein.

Additionally, Defendants set forth the following affirmative defenses to Plaintiff's Complaint:

## AFFIRMATIVE DEFENSES

28. Plaintiff has failed to state a claim upon which relief can be granted.

29. As an employee whose position was part of a group of positions filled by balancing out political party representation, Plaintiff was a "policymaking employee" and was therefore

permissibly discharged based on political speech/affiliation and moreover, is prohibited as a matter of law from bringing any claim under the First Amendment in connection with his termination.

30. Plaintiff's public posts criticizing the Democratic Party were not constitutionally protected activity.

31. Some or all of Plaintiff's speech was not on a matter of public concern.

32. Watkins is entitled to qualified immunity in her individual capacity.

33. Defendants acted in good faith and in accordance with the law at all times.

34. Plaintiff's speech was made pursuant to his official duties, and as such he was not speaking as a citizen for First Amendment purposes.

35. Plaintiff has failed to mitigate his damages.

36. Defendants reserve the right to assert additional affirmative defenses for which discovery reveals any basis.

**WHEREFORE,** Defendants request that Plaintiff's complaint be dismissed with prejudice in its entirety by this Court; that judgment be entered against Plaintiff and in favor of Defendants; that all attorneys' fees incurred by Defendants in defending this action be awarded against Plaintiff; and that Defendants be granted such other relief to which it may be entitled and all other remedies available at law or equity.

Respectfully submitted,

*/s/ Jeffrey A. Stankunas*
Jeffrey A. Stankunas (0072438)
Trial Counsel
jstankunas@isaacwiles.com
Gareth A. Whaley (0102156)
gwhaley@isaacwiles.com
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
T: (614) 221-2121 | F: (614) 365-9516
*Attorneys for Defendants*

## JURY DEMAND

Defendants hereby demand a jury on all issues so triable.

*/s/ Jeffrey A. Stankunas*
Jeffrey A. Stankunas (0072438)
Trial Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2023, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jeffrey A. Stankunas*
Jeffrey A. Stankunas (0072438)

4886-8069-6434.1